In re RUSSELL S.

No. 98–367–M.P.

Supreme Court of Rhode Island.

Dec. 26, 2000.

Thomas J. Corrigan, Jr., Washington Crossing, PA, Frank P. Iacono, for plaintiff.

Catherine A. Gibran, Paula Rosin, Francis R. Williams, Providence, for defendant.

Present: WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on a petition for certiorari by the petitioner-mother, Marilyn Seliga, seeking review of a decree entered in the Family Court terminating her parental rights to her son, Russell, born July 8, 1990. The petitioner did not file a timely notice of appeal, and her motion to file a "notice of appeal out-of-time" was denied. We issued the writ in response to the mother's common-law petition for certiorari and issued an order directing the parties to appear and show cause why the issues raised should not be summarily decided. After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the petition will be decided at this time.

The record in this case indicates that a decision terminating petitioner's parental rights was made on May 13, 1998, by a Family Court judge. Subsequently, the

decree was signed and entered on May 20, 1998, and a copy of the unsigned decree was provided to the Public Defender's office on that day. Pursuant to Rule 4(a) of the Supreme Court Rules of Appellate Procedure, the date on or before which a timely appeal should have been filed was June 9, 1998. On July 1, 1998, the petitioner filed a motion to file notice of appeal out-of-time under Rule 4(a), arguing excusable neglect. The motion was denied by the motion judge on July 8, 1998. Shortly thereafter, the petitioner filed a petition for issuance of a common-law writ of certiorari which this Court granted in September 1998. Upon motions by the petitioner, the case was held in abeyance pending completion of the transcript.

### Termination of Parental Rights

■ In reviewing cases of termination of parental rights, this Court examines the record to determine whether legally competent evidence exists to support the findings of the trial justice. *In re Dennis P.*, 749 A.2d 582, 585 (R.I.2000) (per curiam). These factual findings are entitled to great weight and will not be disturbed unless the trial justice was clearly wrong or misconceived material evidence. *Id.* We have previously stated that before "permanently sever[ing] the rights of a parent in his or her natural children, the state must prove by clear and convincing evidence that the parent is unfit." *In re Nicole B.*, 703 A.2d 612, 615 (R.I.1997). Once a parent has been adjudicated unfit, "the balance shifts so that the 'best interests of the child outweigh all other considerations.'" *Id.* (quoting *In re Kristen B.*, 558 A.2d 200, 203 (R.I.1989)).

■ In the present case, petitioner argued that the evidence presented at the termination hearing was not sufficient to sustain the state's burden of proving by clear and convincing evidence that she was an unfit parent. She specifically contended that despite her past history of drug abuse and long-standing depression, she made significant progress in fighting her "twin demons." Moreover, petitioner argued that there was no evidence that her son had been harmed in any way by her history of drug abuse and mental illness.

After a thorough review of the record, we believe that the judgment was correct. This was not a case in which it was alleged that DCYF failed to engage in reasonable efforts to preserve and reunify the family, nor was it a case that revealed any evidence of abuse of the child. The sad truth of this case was that petitioner, although at times willing to improve her situation with professional assistance, was simply unable to do so. Following a police report that petitioner was suicidal, DCYF opened the instant case on Russell when he was five years old and drafted four separate case plans for petitioner, none of which she completed successfully. The petitioner decided not to enter a residential program that had been arranged for her, and she refused for months to participate in the CODAC outpatient program because she was required to provide supervised toxicology screening. Even after DCYF filed for termination of parental rights, petitioner was still given the opportunity to continue with mental health and drug abuse counseling.

By her own admission and professional diagnoses, petitioner has suffered from mental illness and substance abuse problems for many years. The record revealed that petitioner's mental health problems resulted in more than twenty hospitalizations. On several such occasions, petitioner reported suicidal feelings and admitted alcohol abuse and recent use of cocaine. Once, she also heard voices telling her that her ex-husband was a "psycho killer." One hospitalization occurred after petitioner had overdosed on Tylenol and Millaril, an antipsychotic medication. During the fifth month of her pregnancy with Russell, petitioner tested positive for cocaine, and until the termination of her parental rights, she had only very inconsistent success in remaining drug-free.

The picture that emerged from a thorough review of the record was that of a woman who had some insight in the detrimental effects that continuing substance abuse and mental health problems had on her ability to parent Russell. While petitioner seemed to make occasional efforts towards improving her situation, she never achieved any of the goals deemed necessary for a successful reunification, despite continued assistance from DCYF, CODAC, the Newport County Mental Health Center, and repeated hospitalization at the Newport Hospital Psychiatric Unit. Although she had periods of improvement over the course of treatment, her prognosis revealed that she would require continued substance abuse counseling and total compliance with toxicology screening for at least another year. Her diagnosis of major depressive disorder remained unchanged, and in the professional assessment of her mental health therapist, she would need continued agency involvement for years.

Moreover, petitioner expressed concerns to a DCYF social worker and to her substance abuse counselor over her ability to raise and care for Russell. The petitioner had numerous opportunities to participate in drug treatment and mental health counseling programs but consistently failed to complete any of them successfully. Her history of chronic substance abuse and mental illness, together with her resistance to residential programs and inability to participate consistently in outpatient programs, was sufficient to support the findings of the Family Court judge. This Court is of the opinion that DCYF proved by clear and convincing evidence that petitioner is unfit to parent Russell and that a continued delay in termination of parental rights is not in Russell's best interest.

■ The petitioner argued further that DCYF did not present any evidence that Russell had been harmed, or threatened with any harm, by his mother's mental condition or substance abuse problems. General Laws 1956 § 15-7-7, which governs the termination of parental rights,

does not require a finding of actual or threatened harm to the child. We have previously held that an excessive use of drugs alone can result in termination for parental unfitness, *In re Tinisha P.*, 697 A.2d 622, 624–25 (R.I.1997), and concluded that a trial judge did not err in his determination that a reunification within reasonable time was unlikely, although the evidentiary record showed an improved diagnosis and recent progress. *In re Rachon W.*, 750 A.2d 963, 967 (R.I.2000). In addition, the record here established that petitioner herself repeatedly expressed doubts about her ability to care for Russell and that she was concerned about bringing him back into an environment which she considered unsafe. Russell now resides in a pre-adoptive home.

All of these facts persuade us that the trial justice did not err in finding that petitioner was unfit to parent Russell and that it is in the best interest of the child that the decision be affirmed in all respects.

### Conclusion

For the foregoing reasons, we affirm the decree of the Family Court. The petition for certiorari is denied and dismissed. The writ heretofore issued is quashed, and the papers in the case may be remanded to the Family Court.