**In re Olivia C. et al.**

No. 2000–464–APPEAL.

Supreme Court of Rhode Island.

Oct. 24, 2001.

Frank P. Iacono, Jr./Thomas J. Corrigan, Jr., Providence, for Plaintiff.

Joseph F. Hook, Providence, for Defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The respondent, Debra C., has raised nineteen grounds in her appeal of a judgment of the Family Court terminating her parental rights to her five children. The case came before this Court for oral argument on October 2, 2001, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. Having heard oral arguments of counsel for the parties and having reviewed the record, we hold that cause has not been shown, and we summarily affirm the judgment of the Family Court.

The evidence underlying the terminations is carefully detailed at length in the Family Court's twenty-seven-page decision. The facts pertinent to our opinion are that respondent had a history of abusive relationships, and her children witnessed repeated incidents of domestic violence, including sexual assault by her boyfriend, Sebastian Atrysek. Although he previously had been charged with child molestation, respondent left the children alone with him allegedly for ten minutes in July 1996, and, on returning, she found Cynthia, then two years old, naked with blood on her face. The respondent nevertheless expressly refused to keep Atrysek away from her children, and she admitted neglect in September 1997. In addition, Christopher and Olivia both disclosed to social workers that they had been sexually abused by their mother, and in April 1999, respondent entered an *Alford* plea with respect to allegations of sexual abuse of Christopher. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

Since becoming involved in the case in 1996, the Rhode Island Department of Children, Youth and Families (DCYF) provided seven case plans, none of which respondent fulfilled. The DCYF made substantial efforts to provide respondent with services to aid her personally and to assist her in caring for her children, but respondent repeatedly missed counseling sessions and DCYF appointments, and she refused to attend psychiatric evaluations and sexual offender programs. By 1999, each of the children had been placed in the care and custody of DCYF, four in preadoptive placements. The respondent missed many scheduled visits with the children.

■ In general,

"In reviewing cases of termination of parental rights, this Court examines the record to determine whether legally competent evidence exists to support the findings of the trial justice. * * * These factual findings are entitled to great weight and will not be disturbed unless the trial justice was clearly wrong or misconceived material evidence." *In re Russell S.*, 763 A.2d 648, 649 (R.I. 2000) (per curiam) (citing *In re Dennis P.*, 749 A.2d 582, 585 (R.I.2000) (per curiam)).

Because the termination of parental rights is one of the most serious deprivations the

state can impose, "the state must prove by clear and convincing evidence that the parent [whose rights are in jeopardy] is unfit." *In re Russell S.*, 763 A.2d at 649. Once the state has met that burden, "the best interests of the child outweigh all other considerations." *In re Antonio G.*, 657 A.2d 1052, 1057 (R.I.1995) (quoting *In re Kristen B.*, 558 A.2d 200, 203 (R.I.1989)).

The respondent challenged the Family Court's findings that she sexually assaulted Christopher and Olivia and that there was no reasonable likelihood that respondent could be reunited with her children. We have consistently held that the Family Court's findings are entitled to great weight, and the particular findings challenged by respondent are clearly and abundantly supported by the evidence in the record. Accordingly, we are not persuaded to disturb those findings on appeal.

■ The respondent also challenged a number of the Family Court's evidentiary rulings regarding the admission of counselors' records and the children's statements to social workers. However, "the admission of hearsay evidence does not automatically require reversal. * * * Rather, we examine the hearsay testimony to determine the probable impact that it may have had upon the factfinder." *In re Christopher H.*, 696 A.2d 940, 942 (R.I.1997) (per curiam) (citing *State v. Burns*, 524 A.2d 564, 568 (R.I.1987)).

We are of the opinion that the hearsay challenges raised by respondent do not merit reversal. Here, "the record has revealed ample, independent, competent evidence to support" clearly and convincingly the Family Court's findings on the issues for which the challenged records and statements were offered. *In re Jessica C.*, 690 A.2d 1357, 1361 (R.I.1997).

■ Finally, the respondent argued that the Family Court erred in refusing to grant her request for funds to retain an independent expert to examine Christopher. In light of the testimony of social workers Laurie Riccio, Cheryl O'Donnell, and Kevin Hall and Doctors David Carpentier and John Parsons, as well as the trial justice's determination that another evaluation "would do a disservice to the children and accomplish basically nothing," we are of the opinion that the respondent failed to show good cause for an additional expert examination of Christopher. As such, we conclude that the Family Court's refusal to grant respondent's request was proper. *See In re Christina V.*, 749 A.2d 1105, 1112 (R.I.2000) (per curiam).

■ In concluding that the respondent's rights should be terminated under G.L. 1956 § 15-7-7, the trial justice found by clear and convincing evidence that the children had been in the care and custody of DCYF for at least twelve months, that DCYF had offered the respondent numerous services and case plans, and that there was no substantial probability that the children could be safely returned to their mother's care within a reasonable period of time. The trial justice also found that the respondent had been involved in a series of violent relationships, including a relationship with a man whom she knew had physically assaulted her daughter, that she had sexually abused Christopher and Olivia, and that she was unfit. He concluded that it was in the best interest of each of the five children that the respondent's parental rights be terminated. The record in this case is replete with evidence supporting these conclusions. Accordingly, we summarily deny and dismiss the respondent's appeal and affirm the judgment of the Family Court, to which we return the papers in the case.