## In re UNIQUE T.

### No. 2001–298–Appeal.

Supreme Court of Rhode Island.

May 16, 2003.

Frank P. Iacono, Jr. (CASA), Thomas J. Corrigan, Jr. (DCYF), Washington Crossing, PA, for Plaintiff.

Mark Laroche, Rhode Island, Gordon D. Fox, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, JJ, and WEISBERGER, C.J. (Ret.).

## OPINION

PER CURIAM.

The respondent-father, Ronald Thomas (respondent), has appealed a Family Court decree terminating his rights to his daughter, Unique, born May 22, 1998. The mother's parental rights also were terminated in this same decree, but she is not a party to this appeal. This case came before the Supreme Court for oral argument on April 1, 2003, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After considering the record, the parties' memoranda, and the oral arguments of counsel, we conclude that the case should be decided at this

time. We affirm the decree of the Family Court.

Shortly after Unique's birth on May 22, 1998, the Department of Children, Youth and Families (DCYF or department) received a report that Unique's mother had used marijuana during her pregnancy. The DCYF began investigating this allegation, and a social caseworker (the social worker) was assigned to Unique's case in June 1998. Unique was placed in the temporary custody of DCYF on June 4, 1998.

The social worker prepared a case plan to enable Unique and her parents to be reunited. The respondent, who was working in New York at the time these proceedings began, never signed the case plan but did contact the social worker to inform her that he intended to return to Rhode Island. Upon his return in August 1998, respondent began living with Unique's mother, became involved with parent-aide services, and participated in biweekly visits with his daughter. The respondent, however, has not seen his daughter since April 1999, when he was arrested and incarcerated in Massachusetts for delivery of a controlled substance.

The DCYF filed a petition to terminate the parental rights of both parents on August 31, 2000, arguing in pertinent part that the termination of respondent's parental rights was warranted because respondent had abandoned or deserted the child, and because the child had been in DCYF custody for at least twelve months with little likelihood of being returned safely to her parents' care. The Family Court reviewed the evidence and found that DCYF had established its allegations by clear and convincing evidence. The trial justice entered a decree ordering that the rights of both parents be terminated.

General Laws 1956 § 15–7–7(a)(4) provides for the termination of "any and all legal rights of the parent to the child" upon a finding by clear and convincing evidence that the "parent has abandoned or deserted the child." The respondent argued on appeal that the trial justice erred in concluding that he had abandoned Unique because DCYF had failed to make efforts to maintain contact between respondent and his daughter, and the evidence in the record did not support a finding of unfitness.

In reviewing cases involving the termination of parental rights, this Court examines the record to determine whether there is legally competent evidence to support the trial justice's findings. *In re Russell S.,* 763 A.2d 648, 649 (R.I.2000) (per curiam). The findings of the trial justice are entitled to great weight and will not be disturbed on appeal unless clearly wrong, or unless the trial justice overlooked or misconceived material evidence. *Id.*

In this case, the evidence in the record clearly supports the trial justice's conclusion that respondent "has had little or no contact with this child [and] has not really tried to have any contact with the child" since his incarceration in April 1999. Fifteen months elapsed following respondent's last visit with Unique in April 1999 before respondent sought contact with his daughter in August 2000. This lack of contact constitutes prima facie evidence of abandonment under § 15–7–7(a)(4).

In fact, the trial justice understated respondent's lack of involvement in Unique's life. During this fifteen-month period, respondent failed to make any efforts to see his daughter. Despite knowing the social worker assigned to Unique's case and how to reach her, respondent did not attempt to contact her at any time to inquire about either the possibility of a visit or Unique's health and welfare. As this Court explained in *In re DeKarri P.,* 787 A.2d 1170, 1172 (R.I.2001) (per curiam), it is incum-

bent upon the parent, and not DCYF, to make efforts to see his or her child. *See also In re Diamond I,* 797 A.2d 1076, 1077–78 (R.I.2002) (mem.) ("[DCYF] is not required to make reasonable efforts to reunite parent and child under an allegation of abandonment"); *In re Michael T.,* 796 A.2d 473, 474 (R.I.2002) (mem.) (holding that a parent whose child is in DCYF custody "is required to: (1) maintain substantial contacts with the child, and (2) plan for the child's future"). Furthermore, respondent may not rely on his participation in parenting classes and visits with Unique before April 1999 to rebut the presumption of abandonment. More than six months elapsed in which respondent had no contact with his daughter. The trial justice was correct in concluding that respondent had abandoned his daughter within the meaning of § 15–7–7(a)(4).

Finally, the respondent has urged this Court not to base a finding of unfitness solely upon his incarceration. Although this Court does not consider incarceration, without more, to be sufficient for a finding of unfitness, we will not allow the respondent to rely on his incarceration to rebut a finding of abandonment. As this Court explained in *In re DeKarri P.,* 787 A.2d at 1172, it is not the fact of incarceration that constitutes abandonment, but rather the fact that a parent has not "actively engage[d] in efforts to contact that child, despite having opportunities to do so."

In sum, we conclude that the evidence in the record supports the trial justice's findings. The respondent's appeal is denied and dismissed. We affirm the Family Court's entry of a termination of parental rights decree. The papers in the case may be remanded to the Family Court.